**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SHERRI LYNN McCORMICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:02-0022 |
| | ) | |
| JO ANNE B. BARNHART, | ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

The case was referred to United States Magistrate Judge E. Clifton Knowles pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, Plaintiff Sherri Lynn McCormick filed a Motion for Judgment on the Administrative Record (Doc. No. 8) seeking reversal of the Commissioner's decision denying benefits, and the Commissioner filed a Motion for Judgment on the Administrative Record (Doc. No. 12) requesting that the Commissioner's decision be affirmed. Magistrate Judge Knowles filed a Report and Recommendation ("Report") (Doc. No. 19) recommending that Plaintiff's motion be denied and the Defendant's motion granted. Plaintiff filed a timely objection to the Report (Doc. No. 20) in which she objects only to the Magistrate's conclusion that the ALJ did not err in his decision not to accord full credibility to Plaintiff's subjective complaints of pain. The matter is now before the Court, having recently been referred to the undersigned by order of recusal and reassignment dated November 21, 2005 (Doc. No. 21).

Upon review of the Administrative Record as a whole, Plaintiff's objection, and that portion of the Report to which Plaintiff objects, for the reasons set forth more fully below the Court finds Plaintiff's objection to be without merit. Accordingly, Defendant's Motion for Judgment will be GRANTED, and Plaintiff's Motion will be DENIED.

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") finding that Plaintiff was not disabled and denying her petition for disability insurance benefits ("DIB") and supplemental

social security income payments ("SSI").

Plaintiff filed her current applications for DIB and SSI on March 1, 2000, alleging that her disability began on April 1, 1998 due to cervical degenerative disc disease, numbness in the arms, neck pain, headaches, and nausea. (Administrative Record ("AR") (attached as exhibit to Doc. No. 6) at 14.) Defendant denied Plaintiff's applications initially and upon reconsideration. (AR 49, 50–51, 52–56, 59.) Plaintiff requested and received a hearing. (AR 60–64.) The hearing was conducted on December 7, 2001 before an ALJ. (AR 29–48.) On February 20, 2002, the ALJ issued a written decision denying Plaintiff's applications on the basis that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. (AR 14–22.) The Appeals Council denied Plaintiff's request for review (AR 7–8), thereby rendering the ALJ's decision the final decision of the Commissioner.

This civil action was thereafter timely filed, and the Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court referred this matter to the Magistrate Judge who recommended that the Commissioner's denial of benefits be affirmed. The Magistrate Judge found that the ALJ did not err in not giving full credit to Plaintiff's subjective allegations of pain, finding that Plaintiff's impairments did not meet or equal a listed impairment, and finding that Plaintiff could do other work in the national and regional economy. (Doc. No. 9.) As indicated above, the only objection Plaintiff has raised is that the Magistrate should have concluded that the ALJ erred in failing to credit fully her subjective complaints of pain. (Doc. No. 20.)

## II.   STANDARD OF REVIEW

The standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. Where, as here, the plaintiff objects to some portion of the Report and Recommendation, the court reviews the record pertaining to that portion *de novo.* See Lyons v. Comm'r of Soc. Sec., 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004) (citing Fed. R. Civ. P. 72(b)).

Under the Social Security Act (the "Act"), the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. See Abbott v. Sullivan, 905 F.2d 918,

2

922 (6th Cir. 1990). If substantial evidence supports the ALJ's conclusion, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion. See Walters v. Comm'r, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. See Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantiality is based upon the record taken as a whole. See Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 366 (6th Cir. 1984).

## V.    DISCUSSION

In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant. Walters, 127 F.3d at 531; Kirk v. Sec'y, 667 F.2d 524, 538 (6th Cir. 1981). An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly because the ALJ is charged with the duty of observing a witness's demeanor and assessing his credibility. Id. Nonetheless, the ALJ's assessment of a claimant's credibility must be supported by substantial evidence.

An individual's allegations of pain alone will not suffice to establish disability. Id. (citing 20 C.F.R. 404.1529(a)). The Sixth Circuit has developed a two-pronged approach for assessing a claimant's allegations of disabling pain:

> First, [courts] examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain.

Id. (citing Felisky v. Bowen, 35 F.3d 1027, 1038–39 (6th Cir. 1994), and Duncan v. Sec'y, 801 F.2d 847, 853 (6th Cir. 1986) (quoting S. Rep. No. 466, 98th Cong., 2d Sess. 24). Moreover, for pain alone to be disabling, the pain must be "of such a debilitating degree that it prevents an individual from engaging in substantial gainful activity." Bradley v. Sec'y, 862 F.2d 1224, 1227 (6th Cir. 1988).

Where there is little or no objective, clinical evidence of pain of disabling severity, the Commissioner will also consider other factors, including the claimant's daily activities; the location, duration, frequency and intensity of the pain; the precipitating and aggravating factors; the type, dosage and effect of medication; and the other treatment or measures to relieve pain. See Felisky v. Bowen, 35 F.3d 1027, 1039 (6th Cir. 1994) (applying 20 C.F.R. § 404.1529(c)(2)). These factors must be evaluated in the context of how they relate to the medical and other evidence in the record, including the ALJ's personal observations of the claimant at

3

the hearing. Based upon all of these elements, the ALJ may determine that a claimant's subjective complaints of pain and other disabling symptoms are not credible. See Walters, 127 F.3d at 531; Blacha v. Sec'y, 927 F.2d 228, 230 (6th Cir. 1990). See also Moon v. Sullivan, 923 F.2d 1175, 1182–83 (6th Cir. 1990) ("[T]he ALJ may distrust a claimant's allegations . . . if the subjective allegations, the ALJ's personal observations, and the medical evidence contradict each other.")

If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so, id. (citations omitted), and the reasons must be supported by the record, see King v. Heckler, 742 F.2d 968, 975 (6th Cir. 1984). Generally speaking, an ALJ's decision to discount a claimant's credibility will be considered appropriate if the ALJ finds contradictions among the medical reports, the claimant's testimony, the claimant's daily activities, and the other evidence. See Walters, 127 F.3d at 531.

In the case at bar, the ALJ found Plaintiff not to be totally credible for the following reasons:

(1) Plaintiff testified at the hearing that her pain began after she was the victim of an assault in approximately 1993 and that she had been having problems ever since (AR 38). Though she made a similar report to Dr. Pick in March 2001 (AR 209), the event is not described anywhere else in the medical record and in fact is expressly contradicted by earlier reports (see, e.g., AR 163, where Plaintiff answered "No" to the question of whether there had been any "inciting trauma" on an undated physical therapy Patient Questionnaire). Moreover, she reported to Dr. Abram in December 1997 that she had been involved in a motor vehicle accident about five years prior but that her neck pain and headache had evolved only over the prior year without inciting incident (AR 147).

(2) In her initial application for benefits dated March 2000, Plaintiff was asked when she had stopped working. At first, she did not give a date when she stopped working or when she sold her business. She later claimed she had reduced her workload from six days a week to four days a week in 1999 and then stopped working altogether after September 15, 1999, but could not explain why her income increased in 1999. (See AR 81, 84.) Further, although she stated she had not worked at all in 2000, she apparently reported self-employment income for that year of $8062 (only about $1200 less than she reported in 1998 and $1400 less than she reported in 1999). (AR 80.)

(3) Dr. Keown observed during her consultative examination of Plaintiff in May 2000 that each of Plaintiff's toenails was painted with a different color nail polish, despite claimant's report of unremitting neck pain and numbness in both arms and fingers.

(4) Plaintiff claimed to be completely disabled by unremitting pain but also reported being able to care for her personal needs, do some cooking, and drive short distances.

(5) Plaintiff reported to her physicians some relief of pain with medication and a neck brace.

(6) The most recent MRI showed a mild disc bulge at C6-7 without significant impression on the spinal cord or nerve roots and there were no other objective findings to support

4

Plaintiff's claims of pain.[1]

(See AR 18–19.)

Plaintiff argues that the ALJ's findings of inconsistencies were unwarranted as there is "substantial evidence in the record" to support her allegations of pain of such severity as to preclude work at even the most sedentary level (Doc. No. 20, at 2). She also argues that (1) the ALJ's rejection of Plaintiff's testimony is neither "clear" nor "convincing" (Doc. No. 20, at 5), (2) Plaintiff has made the requisite showings under Duncan v. Sec'y, 801 F.2d 847, 851 (6th Cir. 1986), to establish the validity of her subjective complaints (Doc. No. 20, at 4), and (3) the ALJ did not fully comply with the SSA regulations governing the evaluation of subjective complaints of pain.

One specific finding to which Plaintiff points as improper the ALJ's apparent adoption of Dr. Keown's assumption that Plaintiff had painted her own toenails in May 2000, although the doctor did not ask or verify who had "performed this artistry" and there is no evidence in the record that Plaintiff herself did it. The Court agrees that the color of polish on Plaintiff's toenails is inconsequential since there is no evidence that Plaintiff painted her own toenails. The Court further finds, however, that the record amply supports the ALJ's other findings of inconsistencies and there are in fact others he could have pointed to but did not. For instance, in her undated Disability Report, Plaintiff stated the reasons for stopping work were pain and loss of use of her *right* arm, among other issues. (AR 86.) The medical evidence clearly suggests, however, that she had complained primarily about pain while using her *left* arm. (See, e.g., AR 45 (at Hearing, discussion of fact that she was limited in the use of her non-dominant left arm); 218 (Deposition of D. Dycus, noting need to limit use of left upper extremity). Further, the Court notes that Plaintiff reported at the hearing and to various medical practitioners that she had had surgery to repair two "shattered" cervical discs (see, e.g., AR 38, 211), though the medical evidence clearly indicates she had surgery to repair one disc. (AR 145.)

Moreover, the testimony of Plaintiff's primary treating physician corroborates the ALJ's conclusion

---

[1]In fact, at the ALJ hearing, Plaintiff claimed she had recently had another MRI and was told she had "another disk bulging" (AR 40), but the most recent MRI report in the record was conducted on December 29, 2000, and showed only "mild disc bulge at C6–7 [the same disk she had surgery on], apparently not causing significant impression on the spinal cord or nerve roots. Otherwise unremarkable MR scan of the cervical spine." (AR 203.) MRIs conducted on October 25, 1999 and June 2, 2000 were "normal," the latter specifically demonstrated no evidence of disc herniation or spinal stenosis, and showed well maintained vertebral body heights. (AR 140.) None of these MRI studies was considered to provide support for the amount of pain Plaintiff reported to be suffering.

5

that Plaintiff is able to work. While the physician, Dr. Dycus, testified that Plaintiff suffers a substantial amount of pain, he did not opine that the pain was disabling to the point of preventing her from working:

> Q.    Does the objective medical evidence confirm the severity of her pain?
>
> A.    Yes.
>
> Q.    And is her objectively established medical condition of such severity that it can reasonably be expected to produce a disabling condition?
>
> A.    Disabling from the standpoint of certain activities, yes.
>
> Q.    What activities would they be?
>
> A.    Activities that require repetitive flexion or extension, or rotation of the neck that is moderately or severely limited, and so any function that would require repetitive or persistent ongoing flexion or rotation of the neck would be impaired to a disabling degree. Anything that could require persistent abduction or repetitive motion of the left upper extremity could produce pain that was incapacitating; hence, debilitating.

(AR 218.)

> The hypothetical posed by the ALJ took into consideration these disabling conditions:
>
> Q (by ALJ)    If I should find that she's limited to light work which does not require repetitive motion of the neck, would there be light jobs which a person Ms. McCormack's [sic] age, education, past relevant work could be expected to be able to perform?
>
> A    Yes, sir. . . .
>
> Q    And if I should find that she cannot perform repetitive lifting or repetitive gripping or grasping with her left arm, how would that affect her ability to do these jobs?

. . . .

A    It wouldn't affect the positions.

(AR 45–46.) In fact, no treating physician or consultant opined that Plaintiff was incapable of performing work at the light exertional level so long as such work did not require repetitive motion of the neck or left arm.

Having reviewed the record as a whole, including Plaintiff's testimony, the medical evidence, and the ALJ's decision, the Court determines that the ALJ fully complied with the applicable law and regulations in concluding that Plaintiff's subjective complaints of disabling pain were not fully credible, and determining that she was not disabled within the meaning of the law.

6

## VI.    CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Commissioner's Motion for Judgment and DENIES Plaintiff's Motion for Judgment.  The Commissioner's decision is AFFIRMED.

It is so ORDERED.

This is a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge